436      HOPKINS *v.* TAYLOR *et al.*      [Sept. T.

Opinion of the Court.

---

## A. L. HOPKINS, ·Receiver,

*v.*

## ISAAC TAYLOR *et al.*

1. · TAXATION *of corporations—former decisions.* The decisions of this court in *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, and *Republic Life Ins. Co.* v. *Pollak,* 75 Ill. 292, in regard to the taxation of the property and franchises of corporations, are adhered to.

2. RECEIVER—*of corporation bound by former decision.* Where a receiver is appointed for a corporation, after the decision of a suit against such corporation, holding it bound to pay certain taxes, he will be concluded by the judgment the same as the body he represents.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. R. G. INGERSOLL, and Mr. W. S. BUSH, for the appellant.

Mr. JAMES K. EDSALL, Attorney General, for the appellees.

Per CURIAM: This bill was to enjoin the collection of taxes in the several counties through which the railroad is laid, assessed on the capital stock of the Toledo, Peoria and War-saw Railroad Company, for the years 1873 to 1875, both numbers inclusive. On the filing of the bill a preliminary injunction was awarded, but on filing the answer of defendants,

which controverted most of the grounds relied upon for relief, after hearing evidence, the bill was dismissed for want of equity.

Elaborate arguments have been made upon the several questions raised, but, so far as we understand them, they have all been ruled adversely to the positions taken by complainant in the former decisions of this court, and it would answer no good purpose to restate the reasoning by which our former conclusions upon analogous questions were reached. We therefore content ourselves by making reference to our previous decisions, which we understand control the case at bar. *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; *Republic Life Ins. Co.* v. *Pollak,* 75 Ill. 292. Some of the principles enunciated in the cases cited have been restated in the recent cases of *Huck et al.* v. *Chicago and Alton Railroad Co.* 86 Ill. 352, *Law* v. *The People, ante,* p. 385, and *Chicago, Burlington and Quincy Railroad Co.* v. *Siders,* decided at the January Term, 1877.*

The assessments for taxation made on the capital stock of the railroad company, for the several years indicated, were made in accordance with the principles approved in the decisions referred to, and the aggregate valuation apportioned to the several counties and other municipalities through which the railroad passes, as directed in the revenue law. That mode of making such assessments finds express sanction in the previous decisions of this court, as will be seen by reference to the cases cited.

The present bill contains some allegations not found in the bills in the cases previously decided,—such as averments of fraud in the exercise of power in excess of jurisdiction, and in assessing the cost of grading as a part of the capital stock, and in some other minor matters, not affecting in any essential degree the justness of the taxes contested. It is not perceived how any distinction can be taken between this and former

---

*Reported in 88 Illinois Reports, p. 320.

cases on account of the allegations of fraud in the particulars indicated, but if there could be, all charges of actual fraud are denied, and we are unable to discover that the record contains any evidence sustaining such allegations.

As respects the taxes of 1873, substantially the objections now insisted upon were litigated in the Federal courts, and such taxes, except a part mentioned, were held to be valid, and the imposition authorized by law. That portion of the taxes of that year decided to be without authority of law, was perpetually enjoined, and we do not understand any effort is being made to collect them. It is true, complainant, who has since been appointed receiver of the railroad company, was not a party to that litigation, but parties who then represented the company against whom the taxes were levied instituted the litigation, and as the case was determined upon its merits, the railroad company is bound by the decision; and as the receiver since appointed simply represents the company, as its legal rights had been determined by the court at the date of his appointment, he is also concluded by it. Upon no principle can the receiver be permitted to litigate the same questions again. Could he do so, there would be no end to this class of litigation.

No error is perceived in the record, and the decree of the circuit court is affirmed.

*Decree affirmed.*