THE CHICAGO, PEKIN AND SOUTHWESTERN RAILROAD CO.

*v.*

S. W. RAYMOND *et al.*

*Filed at Springfield November 26, 1880—Rehearing denied January Term, 1881.*

TAXATION—*valuation of capital stock by State Board.* The decision of this court in the case of *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, and subsequent cases, as to the validity of the rules adopted by the State Board of Equalization for ascertaining the value of the capital stock of railroad companies for taxation, is re-affirmed and followed.

APPEAL from the Circuit Court of Woodford county.

Mr. J. M. TRUITT, and Messrs. RICE & MILLER, for the appellant.

Mr. JESSE J. PHILLIPS, and Mr. EDWARD LANE, for the appellees.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was a bill for an injunction, by the Chicago, Pekin and Southwestern Railroad Company, to enjoin the collection of the tax levied upon its capital stock for the years 1873 and 1874, in the counties of Woodford, LaSalle, Livingston and Tazewell, and also so much of the tax as was levied upon the increased valuation of the tangible property made by the State Board of Equalization, over and above the valuation fixed by the schedules returned by the company.

Upon the hearing, the circuit court dissolved the injunction and dismissed the bill; and, we think, properly. The case before us does not differ in its circumstances materially from the case of *Porter et al.* v. *R., R. I. & St. L. R. R. Co.* 76 Ill. 561. The bill in this, as in that case, questions the validity of the rules adopted by the State Board of Equalization for ascertaining, for assessment purposes, the value of the capital stock of railroad companies and other corporations. This is the controlling feature of the bills in both cases, and the conclusion reached in that case, sustaining the validity and propriety of those rules, and which has been approved in a number of subsequent cases, must be regarded as conclusive of the question. And as was said in *Hopkins et al.* v. *Taylor et al.* 87 Ill. 436, upon this very question, "we must content ourselves by making reference to previous decisions controlling it."

There is not a single question raised upon the record in the present case which, in our judgment, is not fully answered and settled by the *Porter* case and the subsequent cases which have approvingly followed it. See *The Pacific Hotel Co.* v. *Lieb et al.* 83 Ill. 602; *Huck et al.* v. *Chicago and Alton Railroad Co.* 86 id. 352; *Chicago, Burlington and Quincy Railroad Co.* v. *Sides,* 88 id. 32.

The decree of the circuit court is affirmed.

*Decree affirmed.*